**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Robert Maurice Jones,** | ) | CASE NO. 4:23 CV 2409 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| **Girard Water Department, et al,** | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Robert Maurice Jones filed this action against the Girard Water Department and its Director Jerome Lambert. The Complaint is composed largely of unintelligible rhetoric making it difficult to decipher. It appears from the Complaint that Plaintiff attempted to circumvent payment of his water bill by offering creative theories for debt cancellation that characterized him as the creditor rather than the debtor. The Water Department insisted on more conventional forms of payment and terminated his water service until his large past due balance was addressed. He now attempts to collect damages from the water department and its director by creating incomprehensible documents and seeking to enforce them through this Court. He asserts that the Defendants forced him into involuntary servitude. He seeks $ 100,005,000.00 in damages.

1

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc No. 2). That Application is granted.

**BACKGROUND**

Plaintiff indicates he is engaged in a dispute with the Girard Water Department over payment of his water bill. He states that he sent multiple communications to Director Jerome Lambert requesting that he "verify the alleged debt that his company is trying to force on the creditor of the account which is Robert Maurice Jones." He states that he sent Lambert a "UCC 1 Superior Claim Notice as well as common copyright notice, authenticated live birth certificate, affidavit of status, [and] notice of fee schedule." (Doc. No. 1 at PageID #: 1). He indicates he returned a bill to the Water Department because it lacked an "authenticated endorsement." (Doc. No. 1-2 at PageID #: 6). He also indicates that he believes his social security number can be used as a credit card with an open line of credit. (Doc. No. 1-2 at PageID #: 6). The Water Department refused to recognize Plaintiff's creative methods of payments, and insisted that payment be made in commonly accepted forms of currency. Plaintiff refused and the Water Department terminated services until payment of the past due balance was made.

Plaintiff responded with a series of self-created documents demanding Lambert and the Water Department respond in three days to fully dispute his assertions. He unilaterally stated that if they did not respond to his satisfaction in the time period he designated, that he would consider their silence to be an admission of liability in the amount of $100,000,000.00.

He referred to this as a modified administrative process. Neither Lamber nor the Water Department responded to his documents.

Plaintiff has now filed this action, seeking to enforce his self-created documents and adopt his assertion liability. He does not assert any actual legal claims. He states only that the Defendants forced him into involuntary servitude. He contends this Court has original jurisdiction because the state court lacks personal jurisdiction over him and it would not be the proper venue. He cites no authority for this proposition.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide

more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Contrary to Plaintiff's assertion, he has not established a basis for federal court subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of

federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that the Plaintiff and all of the Defendants are citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. A Plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he "pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Jurisdiction is not defeated by the possibility that the Complaint might fail to state a claim upon which relief may be granted. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks and alterations omitted). However, "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 ... may be dismissed for want of subject-matter jurisdiction if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n. 10 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

This case is a contract dispute between Plaintiff and the Girard Water Department. Contract disputes are matters of state law, not federal law. Plaintiff's attempt to characterize the Water Department's refusal to accept fictional methods of payment as involuntary servitude is frivolous. The Complaint contains no federal claim. Plaintiff failed to establish federal question jurisdiction.

### CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: March 29, 2024

 s/*Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE